UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CAROL L. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15CV66 SNLJ |
| ) | |
| CAPE GIRARDEAU OPERATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit court of Cape Girardeau County, State of Missouri. The petition alleges state law claims for wrongful discharge and violation of the Missouri Service Letter Statute. Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 alleging jurisdiction over the action because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of

$75,000 exclusive of interest and costs.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); *Ratermann v. Cellco P'ship*, 4:09CV126 DDN, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

The Notice of Removal alleges that plaintiff is a citizen of Missouri and the defendant is a limited liability company organized under the law of Tennessee with its principal place of business in Cleveland, Tennessee. Additionally, defendant alleges that its members direct, control, and coordinate its activities from Cleveland, Tennessee. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter. The defendant LLC's citizenship has been addressed like that of a corporation, which is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders*, 823 F.2d at 215 n.1. However, the Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of each member of the limited liability company to determine whether

diversity jurisdiction exists. *Id.* The Notice of Removal contains no allegations concerning the citizenship of the members of the defendant LLC.

The Court will grant defendant fourteen days to file an amended Notice of Removal that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will remand this matter to the state court from which it was removed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall file an amended Notice of Removal within fourteen days which shall allege facts establishing the citizenship of each of the defendant LLC's members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this 23rd day of April, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE