UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CAROL L. ALLEN, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15CV66 SNLJ ) |
| CAPE GIRARDEAU OPERATIONS, LLC, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand. The motion has been fully briefed and this matter is ripe for disposition. For the following reasons, the Court will grant the motion.

**I.  Background**

Plaintiff Carol Allen filed a two count petition in the Circuit Court of Cape Girardeau County alleging discrimination and wrongful termination in violation of section 287.780 RSMo of the Missouri Workers' Compensation Act and a violation of the Missouri Service Letter Statute, section 290.140 RSMo. Defendant removed this action to this Court on the basis of diversity jurisdiction. Plaintiff filed a motion to remand arguing that this case must be remanded to state court because it arises under the Missouri Workers' Compensation Act and, as a result, is not removable under 28 U.S.C. § 1445(c). Plaintiff also seeks attorney's fees arguing that defendant lacked any objectively reasonable basis for the removal.

## II. Discussion

### A. Motion to Remand

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states."

28 U.S.C. § 1441 and § 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

Defendant removed this matter to this Court on the basis of diversity jurisdiction. Plaintiff's motion to remand alleges that this matter was not removable under 28 U.S.C. § 1445(c) because it arises under the Missouri workmen's compensation laws. Specifically, § 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Defendant now concedes that the plaintiff's claim of discrimination and wrongful termination in violation of the Missouri workers' compensation laws is not removable to this Court.

Defendant does not concede, however, that this matter must be remanded in its entirety. Defendant maintains that plaintiff's claim under the Missouri Service Letter Statute is removable based on diversity jurisdiction and should not be remanded. Instead, defendant argues that the claim under the Missouri worker's compensation laws should be severed and remanded and the Court should retain jurisdiction of the service letter claim. Defendant claims that 28 U.S.C. § 1441 supports removal of this matter in its entirety and, after removal, provides for the nonremovable claim to be severed and remanded to state court. In support of its position, defendant cites to § 1441 subsections (a), (c)(1)(B), and (c)(2). Defendant's error is that it overlooks subsection (c)(1)(A), which is critical to the procedure it requests.

Pursuant to § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending." Section 1441(c) provides:

> Joinder of Federal law claims and State law claims.--(1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

It is clear that the requirements of subsections (c)(1)(A) *and* (c)(1)(B) must be met in order to remove a case that includes a nonremovable claim. Under subsection (c)(1)(A), the action must include a claim "under the Constitution, laws, or treaties of the United States," i.e. a federal question claim.

This Court finds that this action is not removable and will remand it to state court. There is no federal question claim in this matter and, as a result, the removal procedure allowed under § 1441(c) when a case involves a federal question claim and a nonremovable claim is not applicable.

### B. Motion for Attorney's Fees

Plaintiff requests that this Court order defendant to pay the costs and attorney's fees incurred as a result of removal, as permitted by 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent

unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Here, defendant did not have an objectively reasonable basis to seek removal. In fact, the law was clear that this matter was not removable. Therefore, plaintiff's request for attorney's fees and costs will be granted. Plaintiff, however, did not submit documentation in support of her request for attorney's fees and costs. Because the Court is granting the motion to remand and will no longer have jurisdiction, the Court will consider the request based on the pleadings. "The trial court is considered an expert in the reasonableness of attorneys' fees." *Hoskins-Harris v. Tyco/Mallinckrodt Healthcare*, 4:06CV321 JCH, 2010 WL 338048, at *1 (E.D. Mo. Jan. 22, 2010). This Court finds that an award of $1000.00 for attorney's fees is reasonable and justified under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (ECF #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' request for attorney's fees is **GRANTED** and plaintiff is awarded attorney's fees in the amount of $1000.00. Defendant shall pay the sum of $1000.00 by check payable to plaintiff and her counsel of record and mail it to plaintiff's counsel of record within fourteen days.

**IT IS FINALLY ORDERED** that this matter is **REMANDED** to the Circuit Court of Cape Girardeau, Missouri, from which it was removed.

Dated this 19th day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE